UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DALE R. MOREY,

                            Plaintiff,

      v.                                        **DECISION AND ORDER**
                                                                  06-CV-287S

JOANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.

      1.      Plaintiff Dale R. Morey challenges an Administrative Law Judge's ("ALJ") determination that he is not disabled within the meaning of the Social Security Act ("the Act").  Plaintiff alleges that he has been disabled since December 12, 2003, due to bipolar disease, post-traumatic stress syndrome, depression, anxiety, and back pain.  Plaintiff maintains that he is entitled to disability benefits because his impairments render him unable to work.

      2.      Plaintiff filed an application for supplemental security insurance benefits on December 12, 2003.  His application was denied initially, after which he requested a hearing before an ALJ.  That hearing took place on October 11, 2005, via video conference.  The ALJ considered the case *de novo*, and on January 5, 2006, issued a written decision denying Plaintiff's application for benefits. On April 12, 2006, the Appeals Council denied Plaintiff's request for review.  Plaintiff filed the current civil action challenging Defendant's final decision on May 4, 2006.[1]

      3.      On December 13, 2006, Defendant filed a Motion for Judgment on the

---

[1] The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review.

1

Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff filed a similar motion the same day seeking the same relief. After full briefing, this Court took the motions under advisement without oral argument. For the reasons that follow, Defendant's motion is denied, Plaintiff's motion is granted, and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this decision.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. § § 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is evidence that amounts to "more than a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). The term substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153

(S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S.

at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

      9.      In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since December 12, 2003 (R. at 15);[2] (2) Plaintiff's bipolar disorder, personality disorder, and lumbar disc disease are "severe" impairments within the meaning of the Act (R. at 15); (3) Plaintiff's impairments (singly or in combination) do not meet or equal the criteria necessary for finding a disabling impairment under the regulations (R. at 15); (4) Plaintiff retained the residual functional capacity to perform medium work subject to limitation[3] (R. at 23); and (5) Plaintiff is able to perform his past relevant work as a kitchen helper or cook helper (R. at 17), and alternatively, given his age, education, work experience, and residual functional capacity, could perform other medium-duty jobs that are available in the national economy (R. at 18). Ultimately, the ALJ found that Plaintiff is not disabled within the meaning of the Act. (R. at 19.)

      10.      Plaintiff argues that the ALJ's residual functional capacity finding is not

---

[2] Citations to the underlying administrative record are designated as "R."

[3] The ALJ found that Plaintiff could perform medium work subject to the following limitations: "the claimant is restricted from work which involves the ability to understand, remember and carry out detailed or complex instructions; and claimant is further restricted from work which requires more than limited interaction with supervisors, coworkers or the general public." (R. at 15.)

supported by substantial evidence. He further argues that the ALJ erred by (1) misapplying the treating physician's rule, (2) improperly assessing Plaintiff's subjective complaints, and (3) failing to consider what impact, if any, Plaintiff's weight has on his ability to function. This Court agrees with Plaintiff that several defects in the ALJ's decision warrant remand.

11.     First, the ALJ erred by accepting the opinions of non-examining, non-treating examiners over the opinions of Plaintiff's treating doctors without adequately explaining why the treating doctors' opinions were rejected. Under the "treating physician rule,"[4] the ALJ must give controlling weight to a treating physician's opinion when the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2); see also Green-Younger v. Barnhart, No. 02-6133, 2003 WL 21545097, at *6 (2d Cir. July 10, 2003); Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000).

Even if a treating physician's opinion is deemed not to be deserving of controlling weight, an ALJ may nonetheless give it "extra weight" under certain circumstances. Under 20 C.F.R. § 404.1527(d)(1)-(6), the ALJ should consider the following factors when determining the proper weight to afford the treating physician's opinion if it is not entitled to controlling weight: (1) length of the treatment relationship and the frequency of examination, (2) nature and extent of the treatment relationship, (3) supportability of opinion, (3) consistency, (4) specialization of treating physician, and (5) other factors that are brought to the attention of the court. See de Roman, 2003 WL 21511160, at *9 (citing 20 C.F.R. § 404.1527(d)(2)); see also Shaw, 221 F.3d at 134; Clark v. Comm'r of Soc.

---

[4] "The 'treating physician's rule' is a series of regulations set forth by the Commissioner in 20 C.F.R. § 404.1527 detailing the weight to be accorded a treating physician's opinion." de Roman v. Barnhart, No. 03-Civ.0075(RCC)(AJP), 2003 WL 21511160, at *9 (S.D.N.Y. July 2, 2003).

5

Sec., 143 F.3d 115, 118 (2d Cir. 1998).

In this case, the ALJ fully credited the state-agency medical consultants' opinion that Plaintiff had the capacity for medium work. But he rejected Plaintiff's treating physician's opinion (Dr. Raja Rao) that Plaintiff "has no useful ability to use judgment, to maintain attention and concentration, to cope with stress, to demonstrate reliability, to behave in an emotionally stable manner, or to interact appropriately with coworkers, supervisors or the general public." (R. at 17.) The ALJ simply stated that Dr. Rao's opinion is inconsistent with other evidence, without identifying that evidence or citing to medical evidence in the record. (R. at 17.) The ALJ also found that Dr. Rao's opinion is inconsistent with Plaintiff's daily activities, such as shopping with his wife, attending religious services, and playing solitaire. (R. at 17.) Of course, these activities are not commensurate with those necessary to maintain employment. No other reason is given for rejecting Dr. Rao's medical opinion, nor did the ALJ discuss whether it was due "extra weight" under the regulations.

The ALJ also dismissed the opinion of another of Plaintiff's treating physicians, Dr. Melton Tammehco. (R. at 17.) Dr. Tammehco opined that Plaintiff had an impaired ability to perform calculations, "severely impaired social and employment skills, with unstable mood, anger control problems," severely impaired adaptation skills ("respond appropriately to changes in the work setting . . . travel/use public transportation, set realistic goals, make plans independently"), and a severely impaired ability to do work-related mental activities, follow instructions, work with others, maintain customary attendance and punctuality, etc. (R. at 188, 190.) The ALJ rejected this opinion outright on the basis that Plaintiff saw Dr. Tammehco only twice. (R. at 17.) But of course, Plaintiff did not see Dr. Herman Rudnick,

who the ALJ relies on, at all. (R. at 17.) Without more, the ALJ's rejection of Dr. Tammehco's opinion is error.

In this Court's view, the ALJ failed to properly apply the treating physician rule, and did not adequately explain why Plaintiff's treating physicians' opinions were not entitled to controlling or extra weight. This case will therefore be remanded to allow the Commissioner to properly consider the medical evidence and opinions of Plaintiff's treating physicians, and to fully explain his consideration of the treating physicians' opinions. See Rivera v. Sullivan, 771 F.Supp. 1339, 1354 (S.D.N.Y. 1991) (Commissioner's determination "must contain a sufficient explanation of his reasoning to permit the reviewing court to judge the adequacy of his conclusions").

11.   On remand, the Commissioner should also address Plaintiff's other points of contention. For example, Plaintiff argues that a key document — the October 2, 2005 Report from Dr. P. Jeffrey Lewis — does not appear in the administrative record, despite being provided to the ALJ and the Appeals Council after Plaintiff's hearing. See Docket No. 10-2.) This report, in which Dr. Lewis notes that Plaintiff has "severe restricted range of motion of the lumbar spine on flexion and extension," restricted motion in the thoracic and cervical spines, and bulging of several discs, appears to undermine the ALJ's finding that other than "some decreased range of motion of the lumbar spine," Plaintiff's physical examinations are unremarkable. (R. at 16.) It is also relevant to the ALJ's finding that Plaintiff has no significant pathology involving his cervical spine. (R. at 16.) The Commissioner should consider this report on remand in determining Plaintiff's residual functional capacity, and should make it part of the record.

12.   Finally, the Commissioner should make a new credibility finding, closely

examining whether Plaintiff's subjective complaints are consistent with the medical evidence and his daily activities that would reasonably transfer to a work environment. As for the Commissioner's consideration of Plaintiff's weight, this Court offers no opinion and leaves that to the Commissioner's discretion, although it is noted that Plaintiff did not cite obesity as a basis for disability, nor does it appear that there is any evidence that Plaintiff's weight impacts his ability to function.

      IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 8) is DENIED.

      FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 10) is GRANTED.

      FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with the foregoing decision.

      FURTHER, that the Clerk of the Court shall close this case.

      SO ORDERED.

Dated:   September 16, 2007  
           Buffalo, New York

                                      <u>/s/William M. Skretny</u>  
                                      WILLIAM M. SKRETNY  
                                      United States District Judge